UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR, | Case No.  2:26-cv-0125-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| SUN MEADOWS RETIREMENT COMMUNITY OWNERS ASSOCIATION, *et al.* | |
| Defendants. | |

Soraya Maria Rigor ("plaintiff") brings this action against numerous defendants and alleges that the sale of a piece of real property to her late mother in 2005 was "unclean." ECF No. 1 at 44. Plaintiff's claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that numerous defendants, including two mortgage companies and her mother's realtor, violated her mother's rights during the sale of a piece of real property in 2005. ECF No. 1 at 42-44. There are several deficiencies in the complaint that must be addressed if any claims are to proceed. First, the complaint is non-compliant with Rule 8, insofar as it does not contain a short and plain statement of the claims at issue. Instead, it runs approximately two-hundred-fifteen pages in length and contains numerous exhibits and, as best I can tell, does not adequately set forth what allegations are being made against each of the named defendants. Second, insofar as plaintiff herself was not the buyer of the property, it is unclear why, if at all, she has standing to bring a claim on her late mother's behalf. Pro se litigants cannot represent others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Third, insofar as this

2

action concerns only a dispute as to the sale of a piece of real property, it appears to sound only in state law, and plaintiff has not articulated any adequate basis for federal jurisdiction. On the complaint form, she does list various federal statutes, including the Truth in Lending Act, but she fails to adequately connect any of these provisions to the specifics of her claims.  Finally, given that more than twenty years have passed since the sale of the property, it appears this action may be time-barred.

I will give plaintiff an opportunity to file an amended complaint that remedies these deficiencies.  Any amended complaint will entirely supersede the initial one and must be complete in itself.  It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Plaintiff's complaint is DISMISSED with leave to amend.

3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:     March 4, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3