UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SORAYA MARIA RIGOR,

           Plaintiff,

    v.

SUN MEADOWS RETIREMENT
COMMUNITY OWNERS
ASSOCIATION, *et al.*,

           Defendants.

Case No.  2:26-cv-0125-DJC-JDP (PS)

ORDER

Soraya Maria Rigor alleges in her first amended complaint that numerous defendants caused issue with her mother's real property in 2005.  As I explained to plaintiff in my previous screening order, her complaint suffered from several fatal defects.  The amended complaint has not remedied those defects.  Accordingly, I will grant plaintiff one final opportunity to amend her complaint.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The amended complaint alleges that plaintiff's mother, Erna Lue Rikhi, purchased a single-family home in Sacramento, California, located in the Sun Meadows Retirement Community Owners' Association, in June 2005. ECF No. 4 at 5-6. Plaintiff claims that newly discovered evidence shows that there are "two competing sets of sales documents" for the home and that her mother is its rightful owner. Plaintiff states that the other "competing set of sales documents" are "void ab initio." *Id.* Plaintiff seeks to take possession of the property through this "quiet title action" because she is the rightful owner of the property under her mother's will. *Id.* at 6-7, 10. The complaint also alleges that plaintiff's mother was evicted from the home in July 2013, which is shortly after her mother died in March 2013. *Id.* at 6-8.

Plaintiff's amended complaint suffers from the following defects: it does not comply with

2

Rule 8, plaintiff does not have standing as a pro se litigant to bring claims on behalf of her mother, the complaint is premised primarily on state law claims and asserts no real federal claim, and the claims alleged are barred by the applicable statute of limitations.  I will address each deficiency in turn.

First, all complaints, even those filed pro se, must, at minimum, comply with pleading requirements delineated by Rule 8.  *See McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (concluding that a court may dismiss a pro se litigant's complaint for noncompliance with Rule 8); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Compliance with Rule 8 requires "a short and plain statement showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and each allegation "must be simple, concise, and direct," *see* Fed. R. Civ. P. 8(d)(1).  Courts have described the Rule 8 standard as the "fair-notice" standard, which requires that a pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp.*, 550 U.S. at 555.

Plaintiff's complaint continues to not meet the required fair-notice standard.  The over-200-page complaint is far from "simple, concise, and direct." *See* Fed. R. Civ. P. 8(d)(1).  The complaint does not adequately set forth what allegations are being made against each of the named defendants, it is replete with exhibits without sufficient explanation as to their relevance, and it is difficult to follow because it has no apparent organization.

Second, plaintiff appears to bring this complaint on behalf of her mother's estate, since plaintiff was not the buyer of the property or the owner of the property at the time of its sale. Thus, plaintiff has not demonstrated that she has standing to pursue the case while proceeding pro se. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Third, as I previously noted, insofar as this action concerns only a dispute as to the sale of a piece of real property, it appears to sound only in state law, and plaintiff has not articulated any adequate basis for federal jurisdiction.  The amended complaint continues to list various federal statutes, including the Truth in Lending Act, but it fails to adequately connect any of these provisions to the specifics of plaintiff's claims.  Indeed, it appears from the complaint that

3

plaintiff's main objective is to seek a quiet title action for the return of the property, which occurs by operation of state, not federal law.

Finally, given that more than twenty years have passed since the sale, this action appears to be time-barred.  A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint.  *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled").  "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

In California, actions for recovery of real property "must be commenced within four years after the cause of action shall have accrued" where the specific relief is not otherwise provided in the Chapter, Cal. Code Civ. Pro. § 343, or, where fraud is involved, three years, Cal. Code Civ. Pro. § 338(d).  Plaintiff alleges that the property was sold in 2005 and that it was removed from her mother's control in 2013.  Therefore, it appears that her claims fall outside the scope of the applicable statute of limitations.

After plaintiff reviews this order, she may file an amended complaint, but it must be no longer than twenty pages, including exhibits.  Plaintiff is also notified that an amended complaint will entirely supersede this complaint and must be complete.  It should be titled "Second Amended Complaint" and be filed within thirty days of this order's entry.

Plaintiff can also notify the court that she wants to stand on her complaint, in which case I will issue findings and recommendations to the assigned district judge recommending that her first amended complaint be dismissed for the reasons in this order, or she can file a notice of

voluntary dismissal of this action without prejudice.

Accordingly, it is ORDERED that:

1. Plaintiff's first amended complaint, contained in ECF No. 4, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint; (2) a notice to stand on her complaint; or (3) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    April 2, 2026                               _____
                                                      JEREMY D. PETERSON
                                                      UNITED STATES MAGISTRATE JUDGE