UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SORAYA MARIA RIGOR,

Plaintiff,

v.

SUN MEADOWS RETIREMENT
COMMUNITY OWNERS
ASSOCIATION, *et al.*,

Defendants.

Case No.  2:26-cv-0125-DJC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Soraya Maria Rigor's second amended complaint contains the same core allegations as her previous complaints: numerous defendants were involved in a scheme that clouded title to her mother's real property in 2005 and 2013.  Plaintiff's second amended complaint, while much more straightforward than her previous complaints, continues to suffer the same fatal defects rt.  Accordingly, I will recommend that her second amended complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The second amended complaint contains the same core concerns as the previous complaints: plaintiff's mother, Erna Lue Rikhi, purchased a home in Sacramento, California, in June 2005, but then was evicted from the home in 2013 after defendant Leo Curry Sr. brought an unlawful detainer action. ECF No. 7 at 2-3. Plaintiff argues that the unlawful detainer action was both procedurally and substantively defective. *Id.* at 3. In light of this, plaintiff alleges that her mother, who has since passed away, is the lawful owner of the property and plaintiff, as her mother's executor, seeks by way of this lawsuit to take possession of the property through this "quiet title action." *Id.* at 2-3.

2

Plaintiff's complaint continues to suffer from the same fatal issues previously identified by the court.  Because plaintiff has not remedied those issues, I recommend that the complaint be dismissed without leave to amend.  I will address each concern in turn.

I previously notified plaintiff that she is not able to bring a complaint on behalf of anyone but herself because she is proceeding pro so.  *See* ECF No. 3 at 2; ECF No. 5 at 3.  Plaintiff states that she brings this complaint on behalf of her mother's estate because plaintiff was not the buyer of the property or the owner of the property at the time of its sale.  Thus, plaintiff has not demonstrated that she has standing to pursue the case while proceeding pro se.  *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Additionally, the core of plaintiff's grievances involves state law claims as the dispute centers around the sale of real property.  As such, her claims sound in state law.  *See* ECF No 3 at 2; ECF No. 5 at 4.  While this court could entertain federal claims, plaintiff's cursory mentions of two federal status, the Truth in Lending Act and the Racketeer Influenced and Corrupt Organizations Act, have not been meaningfully connected to any of her claims.  Therefore, these statutes brief mentions cannot support federal question jurisdiction.

Finally, as I previously explained to plaintiff, because more than twenty years have passed since the sale of plaintiff's mother's home, and over ten years have passed since the unlawful detainer action, this action appears to be time-barred.  A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint.  *See Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled").  "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."

3

*Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

In California, actions for recovery of real property "must be commenced within four years after the cause of action shall have accrued" where the specific relief is not otherwise provided in the Chapter, Cal. Code Civ. Pro. § 343, or, where fraud is involved, three years, Cal. Code Civ. Pro. § 338(d). Plaintiff alleges that the property was sold in 2005 and that it was removed from her mother's control in 2013. Plaintiff has offered no explanation for this procedural bar, despite being on notice of this issue. *See* ECF No. 3 at 3; ECF No. 5 at 4.

Based on the foregoing, I recommend that this action should be dismissed without leave to amend because amendment would be futile. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is RECOMMENDED that:

1. Plaintiff's second amended complaint, contained in ECF No. 7, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    June 22, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE